UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-61771-CIV-COHN/SELTZER

ALEXA SIMPSON, on behalf of herself
and all others similarly situated,

   Plaintiff,

v.

FWM LABORATORIES, INC.,

   Defendant.
_____/

## ORDER CONVERTING MOTION TO DISMISS INTO MOTION FOR SUMMARY JUDGMENT and DIRECTING PLAINTIFF TO TAKE DISCOVERY AND RESPOND ORDER DENYING MOTION TO DISMISS ON REMAINING GROUNDS

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss and Memorandum of Law [DE 12] ("Motion to Dismiss"). The Court has considered the Motion to Dismiss, Plaintiff's Response [DE 17], Defendant's Reply [DE 20], the record in this case, and is otherwise advised in the premises.

I.  BACKGROUND

Plaintiff Alexa Simpson ("Plaintiff") filed this two-count action against Defendant FWM Laboratories, Inc. ("Defendant") for alleged violations of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 *et seq.*, ("FDUTPA") and of Florida Statutes § 817.41, which prohibits misleading advertising. The causes of action in this case concern Defendant's claims that consumers can try Resveratrol risk-free for fifteen (15) days. Compl. ¶ 10. Plaintiff alleges that this claim is false, deceptive and misleading because Defendant's offer "fails to inform consumers that they will be enrolled in a program whereby FWM Laboratories will automatically ship them a thirty

(30) day supply of Resveratrol, and bill the credit or debit card . . ., in the amount of $87.13. . . every month without authorization from the consumer." Compl. ¶ 11. Plaintiff further alleges that if they do not cancel within the trial period, they will be billed for the entire thirty day supply. Compl. ¶¶ 12-13. Finally, Plaintiff alleges that the "free trial" offer "fails to inform consumers that the free trial period begins on the day the consumer places an order for a free trial of Resveratrol and that, due to order processing and delivery time, consumers in actuality have less than fifteen (15) days to try the product and cancel it without being charged for their 'free trial' of Resveratrol and enrolled in FWM Laboratories' automatic shipping program." Compl. ¶ 14.

Plaintiff, a resident of California, alleges that she saw a television advertisement for Resveratrol, went to the website mentioned in the ad, and ordered a free trial, paying the shipping and handling by debit card. Compl. ¶¶ 15-16. About twelve days later, she received a thirty day supply of Resveratrol. Compl. ¶ 17. Nine days after receipt, her bank account was charged $87.13 for the thirty day supply. Compl. ¶ 18. Approximately thirty days later, Plaintiff received another thirty day supply and was charged another $87.13. Compl. ¶ 19. Plaintiff then called the phone number on the website to inquire why she was charged for the free trial and why she had received more pills. Plaintiff alleges she was told that she received more pills because she did not cancel within 15 days of her order and that she was enrolled in the Defendant's automatic shipment program. Compl. ¶ 20.

Plaintiff alleges she was unaware of the cancellation policy and the automatic shipment program. Id. Plaintiff then canceled her enrollment, returned the unopened bottle of Resveratrol to Defendant, but did not receive a full refund despite assurances from Defendant that she would receive one. Compl. ¶ 21. Plaintiff asserts that she brings this action on behalf of a class of all consumers throughout the United States

2

who have purchased Resveratrol that was manufactured, distributed, marketed and/or sold by Defendant. Compl. ¶¶ 22-28.

Defendant filed the instant Motion seeking dismissal of the Complaint in its entirety. Defendant first argues that choice of law principles suggest that the action should be governed by California law, and not Florida law. Defendant also asserts that the website and the Terms and Conditions applicable to the offer precisely explain how the risk-free trial promotion works, eliminating any claim of false or misleading advertising. Finally, Defendant asserts that a claim under Section 817.41 requires pleading with particularity under Rule 9(b) of the Federal Rules of Civil Procedure.

## II.  LEGAL STANDARD

Until the Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001). However, pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." 550 U.S. at 555. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do." Id.  Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).  In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009), the Supreme Court further stated that a court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth.

### III.  ANALYSIS

#### A.  Choice of Law

As this Court stated in Berry v. Budget Rent A Car Systems, Inc., 497 F.Supp.2d 1361, 1365 (S.D. Fla. 2007), "a federal district court sitting in diversity must look to the choice of law rules of the forum state when determining which law should apply to a claim." Trumpet Vine Investments, N.V. v. Union Capital Partners I, Inc., 92 F.3d 1110, 1115 (11th Cir. 1996).  Defendant asserts that Florida's "most significant relationship" test in determining choice of law dictates that California law must apply to this case because Plaintiff saw the advertisement, accepted the free trial offer, received the goods, and was allegedly injured in California.

Plaintiff argues in opposition that Defendant itself imposes a choice of law provision within its Terms and Conditions -- the same Terms and Conditions that Defendant asks this Court to follow on the merits of Plaintiff's claims.  Plaintiff mentions the Terms and Conditions in its Complaint as a basis for using Florida law as the governing law.  Compl. ¶ 4.  Defendant has placed the Terms and Conditions into the

record as Exhibit A to the Declaration of Brian Weiss [DE 12-1].  Section 12(a) of the Terms and Conditions states that "[t]his Agreement, and all matters arising out of, or otherwise relating to, this Agreement shall be governed exclusively by the laws of the State of Florida . . . ." [DE 12-1 at p. 9 of 10].

Florida law enforces choice of law provisions in parties' agreements, unless the law of the chosen forum contravenes strong public policy.  Mazzoni Farms, Inc. v. E.I. Dupont DeNemours & Co., 761 So.2d 306, 313 (Fla. 2000).  In this case, Plaintiff asserts that the Terms and Conditions contain a broad provision that encompasses all matters arising out of the parties' transaction in this case, including statutory or tort claims.[1]  Defendant argues that the choice of law provision only covers disputes regarding the Agreement, while Plaintiff's tort-like FDUTPA claim arose from advertising actions occurring prior to her initiating the transaction.  Defendant relies upon Horowitch v. Diamond Aircraft Industries, Inc., 526 F.Supp.2d 1236, 1249 (M.D. Fla. 2007), vacated in part on other grounds, 2009 WL 1537896 (M.D. Fla. June 2, 2009), for the proposition that a FDUTPA claim sounds in tort and is not covered by a contract indicating that Florida law should govern any dispute.[2]

In Cooper v. Meridian Yachts, Ltd., 575 F.3d 1151, 1162 (11th Cir. 2009), the Eleventh Circuit stated that "a choice of law provision that relates only to the agreement will not encompass tort claims," citing Green Leaf Nursery v. E.I. Dupont DeNemours &

---

[1] Plaintiff also notes that this Court's decision in Berry did not involve a choice of law provision.

[2] The precise language of the choice of law provision before Chief Judge Fawsett is not quoted in the order.

Co., 341 F.3d 1292, 1300 (11th Cir. 2003). However, the court then distinguished more broad provisions such as those that refer "to any and all claims or disputes arising out of" an agreement. Id. The provision at issue in the present case includes that phrase "all matters arising out of, or otherwise relating to this Agreement."

This Court concludes that the choice of law provision in the Terms and Conditions applies to the claims in this lawsuit as they clearly arise out of Plaintiff's purchasing of Defendant's products via an offer which purports to include these Terms and Conditions. The Court therefore denies the Motion to Dismiss on the issue of choice of law.

### B. FDUTPA

As this Court recently stated in Smith v. William Wrigley Jr. Co., 663 F.Supp.2d 1336, 1339 (S.D. Fla. 2009):

> To state a claim for equitable relief under FDUTPA, Plaintiff must allege, at a minimum, that she has been aggrieved. See Macias v. HBC of Florida, Inc., 694 So. 2d 88, 90 (Fla. 3rd DCA 1997) ("in order for the consumer to be entitled to any relief under FDUTPA, the consumer must not only plead and prove that the conduct complained of was unfair and deceptive but the consumer must also plead and prove that he or she was aggrieved by the unfair and deceptive act"). A claim for damages under FDUTPA requires the Plaintiff to allege the following three elements: "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." City First Mortgage Corp. v. Barton, 988 So. 2d 82, 86 (Fla. 4th DCA 2008) (quoting Rollins, Inc. v. Butland, 951 So. 2d 860, 869 (Fla. 2d DCA 2006), review denied, 962 So. 2d 335 (Fla. 2007)).

### 1. Consideration of Terms and Conditions

Defendant argues that the Court should not limit its inquiry to the allegations in the Complaint but also consider the Terms and Conditions of the website transaction

6

that gave rise to Plaintiff's cause of action. Defendant states that the Court has authority to consider documents attached to a motion to dismiss under Rule 12(b)(6) when those documents are "central to the plaintiff's claims and are undisputedly authentic." Motion to Dismiss at p. 11 (citing Maxcess v. Lucent Technologies, Inc., 433 F.3d 1337, 1341 n.3 (11th Cir. 2005)). The Court agrees. However, Plaintiff has disputed the authenticity of the Terms and Conditions attached to the Declaration of Brian Weiss. Response to Motion at p. 16 [DE 17]. Therefore, the Court will convert the Motion to Dismiss into a motion for summary judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure and allow Plaintiff to conduct discovery on the issue of authenticity.

2. Sufficiency of Allegations

Defendant also argues that Plaintiff has failed to sufficiently plead a FDUTPA claim. This argument is largely based upon Defendant's assertion that Plaintiff's reliance on the free trial offer was unreasonable given the explanations of Defendant's sales policy in the Terms and Conditions. As discussed above, however, the Court will defer ruling on the merits of this argument until after Plaintiff has an opportunity to take discovery on the authenticity of the Terms and Conditions placed into the record by Defendant.

**C. Pleading § 817.41 Claim With Particularity**

Defendant seeks dismissal of Plaintiff's statutory claim of misleading advertising for failure to comply with the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Plaintiff's claim is considered one for fraudulent

inducement. Smith v. Mellon Bank, 957 F.2d 856, 858 (11th Cir. 1992). Rule 9(b)of the Federal Rules of Civil Procedure provides that "[i]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). The particularity requirement of Rule 9(b) serves an important purpose in fraud actions by "alerting defendants to the precise misconduct with which they are charged and protecting spurious charges of immoral and fraudulent behavior." Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (internal quotation marks omitted). The application of Rule 9(b), however, must not abrogate the concept of notice pleading under the federal rules. Id.; Friedlander v. Nims, 755 F.2d 810, 813 n.2 (11th Cir. 1985) ("[A] court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize the directives of rule 9(b) with the broader policy of notice pleading.").

More specifically, the Eleventh Circuit stated in Ziemba that: "Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." 256 F.3d at 1202 (quotations and citations omitted); U. S. ex rel. Clausen v. Laboratory Corp. of America, Inc., 290 F.3d 1301, 1310 (11th Cir. 2002). Allegations of date, time, or place satisfy the requirement of Rule 9(b) that the circumstances of the fraud be alleged with particularity, but alternative means are also available to satisfy the rule. Durham v. Business Management Associates, 847 F.2d 1505, 1512 (11th Cir. 1988).

Defendant asserts that Plaintiff failed to allege with particularity when she saw

the television advertisement, "what channel she saw it on, where she was when she saw it, who made the alleged misrepresentations, or the precise content of the alleged misrepresentations."  Motion at p. 18.  Plaintiff argues that the details regarding the channel, where Plaintiff was and the precise content of the advertisement are not required under Rule 9(b).  This Court agrees.

The Complaint alleges that the advertisement in question took place six months prior to the filing of the Complaint.  Compl. ¶ 16).  The Complaint describes the allegedly false advertising claims regarding the risk-free period and the relevant omissions regarding the time calculation for cancellation.  Compl. ¶¶ 10-14.  These critical paragraphs sufficiently alert Defendant to the precise misconduct with which it is charged in this case.  The Court will deny the motion to dismiss on the issue of pleading fraud with particularity.

## IV.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss [DE 12] is **DENIED** as to the issues of choice of law and pleading fraud with particularity, but a ruling is **DEFERRED** on the issue of whether the Complaint states a cause of action and unreasonable reliance, because the Motion to Dismiss is hereby converted into a motion for summary judgment pursuant to Rule 12(d) on that issue;

2. Between now and May 13, 2010, Plaintiff may engage in discovery solely on the issues raised in the Declaration of Brian Weiss [DE 12-1], particularly the issue of which Terms and Conditions were part of the free trial offer;

3. Written discovery shall be served by April 9, 2010, with responses expedited slightly to May 4, 2010;

4. Plaintiff shall file a response to Defendant's converted Motion [DE 12] by May 14, 2010;

5. The Joint Motion to Amend Scheduling Order and Continue Trial Date [DE 18] is hereby **GRANTED**. Class certification issues are deferred until after a ruling on the converted Motion for Summary Judgment, at which time the Court will reset the schedule if necessary.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 29th day of March, 2010.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF